## BETTER BUSINESS BUREAU OF OKLAHOMA CITY, Inc., v. JONES, Collector of Internal Revenue.

No. 321.

District Court, W. D. Oklahoma.

July 19, 1940.

Roy C. Lytle and Henry S. Griffing, both of Oklahoma City, Okl., for plaintiff.

Thomas G. Carney, Atty., Tax Division, Department of Justice, of Washington, D. C., and Geo. H. McElroy, Asst. U. S. Atty., of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

This is an action to recover taxes paid under protest to the Collector of Internal Revenue under the Social Security Act.

The plaintiff is an Oklahoma corporation, incorporated under the laws of Oklahoma as an educational nonprofit corporation, without capital stock.

The complaint alleges that the operation of the corporation does not inure to the benefit of any private shareholder or individual; that its expenses are defrayed by annual subscriptions of persons who approve of its activities; that it has a Board of Directors annually elected by its members; that it is managed by a director, who is paid a salary; that it has a total of three paid employees; that its officers consist of a president, a vice-president, and a secretary-treasurer, elected from the members of the Board of Directors, and that they have only nominal duties and are paid no salary.

That the plaintiff furnishes information to members and nonmembers of the corporation without discrimination and without charge; that it has attempted to educate and inform merchants, manufacturers and consumers as to honest, fair and legiti-

mate advertising and business methods, and has by every means within its power attempted to discourage unfair competition and unfair dealings with the public.

The defendant is the duly appointed, qualified and acting Collector of Internal Revenue for the state of Oklahoma.

The jurisdiction of the court is admitted.

The complaint further alleges that the Social Security Act approved August 14, 1935, Title VIII, chap. 531, secs. 801 to 811, inclusive, 49 Stat. 636 to 639, 42 U.S.C.A. §§ 1001–1011, imposes upon the employer a tax of one per centum of the wages paid to employees by such employer during the years 1937, 1938 and 1939, and a like tax upon the wages received by employees, said tax being limited, however, to the first $3,000 paid to, or received by an employee during a calendar year, and provides that the employer shall deduct from the employees' wages the taxes imposed upon the employees, and that the employer shall remit with the taxes imposed upon him the amount so deducted as a tax upon his employees' wages.

The complaint further alleges that said corporation is expressly exempted from the effect of operation of said Social Security Act; that the defendant has demanded payment of the tax imposed by said Title VIII and has demanded that the plaintiff prepare and file with him such reports and records as are required of nonexempt corporations, or other employers, and has threatened that if said tax be not paid, and if said reports be not filed, the penalties would be imposed and the taxes demanded would be collected by the methods provided in said act; that under protest and to avoid the penalties demanded, the plaintiff on or about July 6, 1939, paid to the Collector of Internal Revenue the sum of $317.70, one-half of which amount it collected from its employees who paid the same to the plaintiff under protest and who have joined with this plaintiff in protesting the payment of the entire sum to the defendant.

The plaintiff further alleges that the Collector subsequently demanded penalties for failure to file returns, which penalties with interest amount to $91.98; that the payment of said sum was made under protest and the defendant was directed to keep the proceeds thereof separate and apart from other funds and that this plaintiff would institute a civil action to recover the amount so paid.

The plaintiff in its complaint seeks to recover the sum of $317.70 as taxes paid, together with interest, and also the sum of $91.98 paid as penalty, together with interest. However, in the trial of this case, by agreement of the parties, the $91.98 item was eliminated for the reason that it was admitted that no proper demand had been made for the payment of said sum. The sole question involved in this suit is whether or not, under the Social Security Act, the plaintiff is such a corporation as would be exempted from the payment of these taxes.

Section 811(b) of the Social Security Act, supra, 42 U.S.C.A. § 1011, provides in part as follows:

"(b) The term 'employment' means any service * * * except—

* * * * *

"(8) Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

Under Regulations 91, U. S. Treasury Department, Bureau of Internal Revenue, at page 9, it is said: "An educational organization within the meaning of section 811(b)(8) of the Act is one designed primarily for the improvement or development of the capabilities of the individual, but, under exceptional circumstances, may include an association whose sole purpose is the instruction of the public, * * *."

Regulations 106, p. 31, provide:

"Sec. 402.215. Religious, charitable, scientific, literary, and educational organizations and community chests.—Services performed by an employee in the employ of an organization of the class specified in section 1426(b)(8) of the Act [26 U.S.C.A. Int.Rev.Code] are excepted.

"For purposes of this exception the nature of the services performed is immaterial; the statutory test is the character of the organization for which the services are performed.

"In all cases, in order to establish its status under the statutory classification, the organization must meet the following three tests:

"(1) It must be organized and operated exclusively for one or more of the specified purposes;

"(2) Its net income must not inure in whole or in part to the benefit of private shareholders or individuals; and

"(3) It must not by any substantial part of its activities attempt to influence legislation by propaganda or otherwise."

Under the statutes of Oklahoma, 1931 O. S. sec. 9927, 18 Okl.St.Ann. § 541, the following character of corporation is authorized: "Persons associated together for religious, charitable, educational, benevolent or scientific purposes may elect not less than three nor more than forty-one trustees or directors and may incorporate themselves as provided for in this Article."

The Articles of Incorporation of the Better Business Bureau contain the following provisions, setting out definitely its purposes:

"To inform and to educate the public by various forms of publicity or otherwise, as to the difference between honest and legitimate advertising and that which is misleading, dishonest and improper in order to create public confidence in honest and legitimate advertising and honest and legitimate business and to prevent the public from being misled by persons using unfair advertisements or unfair business methods.

"By all proper means to educate and inform merchants, manufacturers and other business men as to honest, fair and legitimate advertising and business methods and the discouragement of unfair competition and unfair dealings with the public."

It is, therefore, the contention of the plaintiff that it is a corporation organized under the laws of Oklahoma for purely educational purposes.

The evidence discloses that the Better Business Bureau is a nonprofit corporation, with no capital stock, wholly dependent upon voluntary subscriptions to meet the actual expenses of operation. Its membership is composed of business and professional men and women and its sole purpose is to inform and educate the public (without limitation to its own membership) with reference to unfair practices in advertising, salesmanship, and business transactions, generally.

One of its main objectives is to warn the unsuspecting purchaser, by pamphlets, bulletins, and radio, against the fascinating and intriguing neighborhood canvasser and imposter, who represents that he is selling articles of extremely high quality at exceedingly low cost when in fact the articles offered for sale are of inferior quality and the sales price high. It particularly warns the public against the misleading and deceptive representations of irresponsible promotors dealing in capital stocks, units in so-called common-law trusts, and other questionable securities of little or no value, to the end that people of small means and income may be protected against worthless investments.

The organization also confers with merchants, who, with characteristic convenience, advertise as genuine that which they know is not genuine, and special sales discounts when in fact such discounts are not made, with the result that such merchants abandon questionable advertising and make their advertisements speak the truth.

In other words, the organization places great stress upon integrity in advertising and in business transactions.

The plaintiff contends with great earnestness that its purposes, as well as its business, are educational in every respect. The government, at least by inference, suggests that the organization, in purpose and in action, is for the benefit only of the business and professional persons contributing to the expense of its operation.

This court cannot ignore facts clearly within its knowledge and, particularly, facts acquired within its official capacity. Numerous cases tried in this court, involving misuse of the United States mails and other violations of federal statutes, have had their inception in information secured by the Better Business Bureau and transmitted directly to the Post Office Inspector or the office of the United States Attorney. The testimony of the plaintiff discloses these facts and the record of cases tried in this court corroborates such testimony.

Educational training is not confined to colleges, universities or even the public schools, but consists, in the broadest sense, of acquiring information or inspirational suggestions which cause the individual to think and act along proper lines. Certainly, the teaching of honesty, integrity, and truthfulness is the very highest objective of an education.

It is urged by the defendant that the plaintiff was exempted from the payment of federal income taxes as a civic league, not organized for profit, but operated exclusively as such for the promotion of social welfare.

576

■ Under the evidence, however, this classification was made by the government and not by the plaintiff. But the mere fact that the Commissioner classified the plaintiff as a civic league, under the income tax laws, would constitute no reason for the Commissioner to refuse to classify the plaintiff, under the Social Security Act, as a corporation created exclusively for educational purposes with no net earnings which inure to the benefit of any private shareholder or individual. Under Regulations 106 above quoted, the plaintiff comes clearly within tests submitted and given publicity by the Commissioner. There is no inconsistency in the two classifications.

■ It is admitted that this is a new question and one the appellate courts have not passed upon. However, this court is of the opinion that the plaintiff is a corporation organized wholly for educational purposes; that its net income does not inure in whole or in part to the benefit of any private shareholder or individual; that it does not attempt to influence legislation by propaganda or otherwise; and that, under the provisions of the act and the regulations of the Commissioner, it is exempt from the payment of the taxes in question.

Judgment will be rendered for the plaintiff in the sum of $317.70 plus interest from the date of payment. An exception is allowed the defendant. Findings of fact, conclusions of law, and a proper form of judgment may be submitted within ten days from this date.