In the Matter of the Liability for Unemployment Insurance Contributions, under Article 18 of the Labor Law, of MOHAWK MILLS ASSOCIATION, INC., Employer, Appellant.

FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, October 31, 1940.

*Coleman Taylor*, for the appellant.

*John J. Bennett, Jr., Attorney-General,* and *Henry Epstein, Solicitor-General* [*W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel], for the respondent.

HEFFERNAN, J. Appellant is a corporation organized under the provisions of article 2 of the Membership Corporations Law of the State of New York. Its charter specifies that the objects for which it is formed are:

" 1. To promote the welfare and entertainment of all its members and to promote athletic contests of all kinds between the various departments of the Mohawk Carpet Mills, Inc., and between the association and outside organizations.

" 2. To purchase, sell, mortgage and lease real property in carrying out the objects of the association.

" All said activities are to be conducted on a non-profit making basis."

The membership of the association, consisting of approximately 2,000 persons, each of whom pays annual dues of fifty cents, is limited to employees of the Mohawk Carpet Mills, Inc., of Amsterdam, N. Y. The only officer of appellant who receives a salary is its secretary. Mohawk Carpet Mills, Inc., furnishes to appellant a building in which it conducts a cafeteria and also in which its members and the public generally meet for social activities. Appellant, as part of its social program, sponsors a band, glee club, various athletic teams, dancing, roller skating and other forms of entertainment for the recreation of its members. The cafeteria is open to the public and operated on a non-profit basis. In fact the revenue derived therefrom is insufficient for its maintenance and the deficit is borne by Mohawk Carpet Mills, Inc. The latter company also leases to appellant an amusement park at an annual rental of one dollar. The total income derived from these various enterprises is devoted to general welfare, educational and charitable purposes. No profit inures to any member of the corporation.

The Unemployment Insurance Appeal Board has affirmed a ruling of a referee holding that appellant is liable for contributions to the Unemployment Insurance Fund pursuant to section 502 of the Labor Law and from that determination appellant has come to this court.

Appellant insists that it is organized exclusively for educational and charitable purposes and consequently exempt from payment of contributions by virtue of section 502, subdivision 3, paragraph (d), which reads as follows: " The State of New York, municipal corporations and other governmental subdivisions, and any corporation, unincorporated association, community chest, fund, or foundation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, shall not be employers subject to this article."

The only question presented for our determination is whether or not appellant is entitled to exemption. A claim of exemption from taxation by virtue of a statute is construed *strictissimi juris.* It must rest upon language in regard to which there can be no doubt as to the meaning, and the exemption must be granted in terms too plain to be mistaken. With that rule in mind it is impossible to escape the conviction that the purposes for which appellant was incorporated, as disclosed in its certificate, are solely fraternal

and social. Nowhere in that certificate is there any statement indicating that its objects are educational or charitable. Charity in a legal sense is not confined to mere alms giving or relief of poverty and distress but in its larger concept includes the improvement and happiness of man. True it is that appellant derives no profit for itself from its enterprises but, on the contrary, devotes its income to benevolent and charitable aims. For doing so it is to be commended. However, in carrying out its ideals charity is but an incidental feature. It is not the principal or exclusive object of the association. It has neither education nor charity as its primary object and hence is not entitled to enjoy immunity from the tax imposed. Although appellant is now using its surplus funds for charitable purposes it is under no legal compulsion to do so. It cannot be denied that under the charter as it exists today at any time in the future it may use them for other purposes without any violation or perversion of its provisions.

The learned counsel for appellant in his oral argument and in his brief has stressed the point that the use to which appellant's income is applied is the ultimate test of the exemption. In support of that contention he has cited decisions of the Federal courts and the Board of Tax Appeals. In the case before us these authorities have no persuasive force because they conflict with the decisions of our own courts. It has been held again and again that the right of a corporation to exemption must be determined from the articles of incorporation alone and that if any of its powers are not charitable, the corporation is not entitled to be classified as a charity. (*Matter of De Peyster*, 210 N. Y. 216; *Matter of Beekman*, 232 id. 365; *Matter of Kennedy*, 240 App. Div. 20; affd., 264 N. Y. 691; *Helvering* v. *Coleman-Gilbert*, 296 U. S. 369.)

The decision appealed from is affirmed.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Decision affirmed, without costs.