In the Matter of TRINITY OPERATING COMPANY, INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by the Trinity Operating Company, Inc., from a decision of the Unemployment Insurance Appeal Board denying appellant's claim to exemption from the provisions of the Unemployment Insurance Law (Labor Law, § 502, subd. 3, par. [3], subpar. [d]).

Appellant claims that it is a nonprofit organization created for religious and charitable purposes. It was organized however under the Stock Corporation Law, and has power to buy, lease, manage and mortgage any kind of real estate; to erect buildings thereon; to acquire, sell and pledge personal property; to transact a general real estate business, and even to engage in the manufacture and sale of goods; or to carry on any other lawful trade or business useful or incident to the ownership and management of real estate. It is true that the exercise of these powers is limited to properties owned by the Trinity Church, and that appellant acts only as a managing agent for the church; but nevertheless the powers thus set forth in its certificate of incorporation clearly stamp it as a business corporation. The charter of a corporation determines its status. (*Matter of De Peyster*, 210 N. Y. 216; *Matter of Mohawk Mills Assn., Inc.*, 260 App. Div. 433.) There is evidence to sustain the decision that appellant was not organized and operated exclusively for religious or charitable purposes. Decision affirmed, with costs to the State Industrial Commissioner. All concur.