■ In the Matter of FOREST PRESS, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board holding that appellant is not organized exclusively for educational purposes and thus not exempt from unemployment insurance contributions (Labor Law, § 560, subd. 4). Appellant, publisher and distributor of the Dewey Decimal Classification System, claims exemption from unemployment insurance contributions under subdivision 4 of section 560 of the Labor Law which provides: "Municipal corporations and other governmental subdivisions, and any corporation, unincorporated association, community chest, fund, or foundation organized and operated *exclusively* for religious, charitable, scientific, literary, or *education purposes*, no part of the net earnings of which inures to the benefit of any private shareholder or individual, shall not be employers liable for contributions under this article". (Emphasis added.) The cases involving this section have rigidly required a clear exclusivity to educational purposes and the elimination of all possibility of individual benefit (see *Matter of Henry* [*American Kennel Club*], 269 App. Div. 1). The board's refusal to grant the exemption stems here from the fact that appellant is incorporated under the provisions of the Stock Corporation Law. By statutory definition a stock corporation is "a corporation having shares of stock and

which is authorized by law to distribute dividends to the holders thereof." (General Corporation Law, § 3, subd. 5.) Thus appellant is specifically authorized and permitted by law to distribute dividends and the fact that appellant has operated exclusively for educational purposes or has adopted a by-law prohibiting the payment of dividends is of no import, especially since the by-law is capable of rescission at any time. It is sufficient that the power exists and there is no absolute assurance that it will not be utilized. Furthermore not only does appellant's certificate of incorporation stamp it as business corporation (see *Matter of Trinity Operating Co.* [*Corsi*], 269 App. Div. 716, 717) but it does not exclude the possibility of appellant undertaking noneducational activities (see *Matter of American Agriculturist* [*Miller*], 264 App. Div. 971). The conferment on appellant of an exempt status by the Federal Revenue Service for Federal tax purposes is not decisive of the present issue. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.