CAMP *v.* THE STATE.

No. 7319. JULY 31, 1930.

*George G. Finch* and *Roy S. Drennan,* for plaintiff in error.

*John A. Boykin, solicitor-general, John S. McClelland, solicitor,* and *J. W. LeCraw,* contra.

RUSSELL, C. J.   The defendant was convicted in the criminal court of Atlanta, under an accusation charging him with acting as a real-estate broker without taking out a license and with acting as a real-estate salesman without taking out a license.   The offenses are alleged to be in violation of an act approved August 14, 1925 (Ga. L. 1925, p. 325), relating to the conduct of the real-estate business in certain counties, licensing of brokers and salesmen, etc. His demurrer to the accusation, on the ground of unconstitutionality of the act cited, was overruled.   On conviction he was sentenced to serve three months or pay a fine of $25.   He made a motion in arrest of judgment, which was overruled.   He filed a petition for certiorari to review these judgments.   The judge refused to sanction the petition, and the petitioner excepted.   The demurrer attacks the accusation because based upon an act alleged to be violative of article 1, section 1, paragraph 2, of the State constitution declaring that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," in that the act makes an arbitrary and unjust discrimination between persons who are working for themselves and persons employed by others, since $25 is the fee if working for himself and $5 if working for another.   Another ground of the demurrer alleges that the act violates the fourteenth amendment to the United States constitution, since it interferes with natural rights, and since the work does not require regulation and is not subject to the police power, but deprives one of the right to contract; that it is violative of the said amendment because denying due process of law, as it fixes no standard by which to judge who are trustworthy or have good reputations.   Another ground is that the act violates article 7, section 2, paragraph 1, of the State constitution, in that it discriminates between persons working for themselves and persons working for others.   It is further set up in the demurrer that the act violates article 1, section 1, paragraph 3, and article 1, section 3, paragraph 2, of the State constitution, in that no standard is fixed by which to license nor are qualifications named for salesmen and

brokers of real estate. The motion in arrest sets up that the accusation is illegal because based upon legislation that violates article 7, section 2, paragraph 1, of the State constitution, providing that all taxation must be uniform upon the same class of subjects, because excluding "those real-estate salesmen and brokers who had the foresight or perspicacity to take a power of attorney from the owner for the sale or leasing of the property."

As to the right of the legislature to fix different taxes upon different occupations, this court has several times had occasion to pass judgment, and has uniformly held that it is not a valid objection to taxation of an occupational business that one business is not taxed or that another is taxed in a different amount. In other words, this court has upheld the power of the General Assembly to classify and fix a reasonable license fee upon businesses properly classified. As was said in *United Cigar Stores Co.* v. *Stewart,* 144 *Ga.* 724, 726 (87 S. E. 1034), "the legislature may classify privileges and occupations for the purposes of taxation, varying the amount of tax." Prior to that case this court held, in *Carroll.* v. *Wright,* 131 *Ga.* 728 (63 S. E. 260), as follows: "It is competent for the legislature to make the classification of occupations and businesses for the purposes of taxation, but the classification must be reasonable and not arbitrary, and, in order to be valid, must be natural. *Mutual Reserve Asso.* v. *Augusta,* 109 *Ga.* 73 (35 S. E. 71). Whether the classification in a given instance is a reasonable one or not is a question primarily addressed to the judgment and discretion of the taxing power, subject to review by the courts whenever, in a court having jurisdiction of the same, the question is raised as to whether or not the classification is unreasonable and arbitrary." It seems to us that it is perfectly reasonable to fix a license tax upon brokers different from that on salesmen, especially since the salesman is one employed by the broker, as a general matter of classification. It is the same principle as the classification of insurance company and insurance salesman. As was said in *Riley* v. *Chambers,* 181 Cal. 589 (185 Pac. 855, 8 A. L. R. 418), "A larger fee and a different character of certificate may be required from a real-estate broker, in order to secure a license to do business, than from a mere salesman in his employ."

It is insisted that the legislation complained of violates the fourteenth amendment to the United States constitution, because it

restricts the right to contract and is an unwarranted use of the police power as to a business not subject thereto. The Supreme Court of the United States declared, in Payne *v.* Kansas, 248 U. S. 112 (39 Sup. Ct. 32, 63 L. ed. 153), where farm-produce commission brokers were dealt with, that a State may forbid the sale of farm produce on commission without an annual license to be procured from the State board of agriculture upon a proper showing and a bond conditioned to make honest accounting, and may impose a license fee as is done by Kan. Laws 1915, c. 371, without abridging constitutional rights and privileges of others carrying on business in the State, or depriving them of the equal protection of the laws, or taking their property without due process of law.

The legislation is further attacked upon the ground that it is unconstituional because of its provision that licenses shall be granted only to persons who are trustworthy and bear a good reputation for honesty, and that the real-estate commission is to investigate and revoke licenses in certain instances. The complaint is that the law fixes no standard by which to say who is trustworthy and honest. The Supreme Court of the United States held, in Hall *v.* Geiger-Jones Co., 242 U. S. 539 (37 Sup. Ct. 217, 61 L. ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643), that it was not arbitrary or violative of the fourteenth amendment for the State of Ohio to forbid licensing of stocks and other securities unless "an executive officer designated is satisfied of the good business repute of the applicants and their agents, and licenses, when issued, may be revoked by him upon ascertaining that the licensees are of bad business repute." The Georgia real-estate law provides for review by the superior court of a decision by the real-estate commission revoking or refusing to grant a license. In the case just cited the Supreme Court declared: "It is especially objected that as to these requirements no standard is given to guide or determine the decision of the commissioner. Therefore it is contended that the discretion thus vested in the commissioner leaves 'room for the play and action of purely personal and arbitrary power.' We are a little surprised that it should be implied that there is anything recondite in a business reputation or its existence as a fact which should require much investigation. If in special cases there may be controversy, those cases the statute takes care of; an adverse judgment by the commissioner is reviewable by the courts." And

it was held in Roman *v.* Lobe, 243 N. Y. 51 (152 N. E. 461, 50 A. L. R. 1329), that "The legislature has a wide discretion in determining whether a business or occupation shall be barred to the dishonest or incompetent." This decision points out how widely this doctrine has been held and the numerous States which have enacted laws based upon it. Among those States are California, Tennessee, Kentucky, Virginia, New Jersey, Louisiana, Idaho, Michigan, Montana, Oregon, Wisconsin, and Wyoming. These statutes have been upheld by the respective courts with uniformity.

The motion in arrest of judgment attacks the act on the ground that it lacks uniformity, in that it excludes from its operation certain persons or firms dealing in real estate under a power of attorney. The language of the act is: "Nor shall the provisions of this act apply to persons; firms, or corporations, not real-estate brokers or real-estate salesmen, holding a duly executed power of attorney from the owner for the sale, leasing, or exchanging of real estate." The words in this exception in the act, "not real-estate brokers or real-estate salesmen," removes brokers and salesmen from the exception, and therefore avoids any discrimination, and saves the act from that lack of uniformity of taxation throughout a particular class as is charged here.

*Judgment affirmed. All the Justices concur.*