In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by MARY SADOWSKI, Claimant.

FRIEDA S. MILLER, as Industrial Commissioner, Appellant; BIGELOW-SANFORD CARPET CO., INC., Employer, Respondent.

Third Department, July 11, 1939.

*John J. Bennett, Jr.*, Attorney-General and *Henry Epstein*, Solicitor-General [*W. Gerard Ryan* and *Francis R. Curran*, Assistant Attorneys-General, of counsel], for the appellant.

*Chandler S. Knight*, for the Bigelow-Sanford Carpet Co., Inc., respondent.

HEFFERNAN, J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, hereafter referred to as the Board, which held, as a matter of law, that claimant lost her employment because of a strike in the establishment in which she was employed within the meaning of paragraph (b) of subdivision 2 of section 504 of the Unemployment Insurance Law. The decision of the Board modified and affirmed the decision of a referee.

The facts are not in dispute. Claimant was an employee of the Bigelow-Sanford Carpet Co., Inc., at Amsterdam, N. Y. A strike occurred in the plant of that company on May 11, 1938, and continued until the twenty-seventh day of June following, a period of six weeks and five days.

Prior to the strike claimant worked on a regular short time schedule — two days each week. She completed her weekly allotment of work on May 6, 1938. Her foreman then instructed her to return to work on Thursday of the following week, which was May twelfth. She admitted that she did not return as directed because of the strike. When the strike terminated claimant resumed her work.

Claimant made application for the payment of benefits under article 18 of the Labor Law known as the Unemployment Insurance Fund contending that she was eligible therefor after the expiration of the normal waiting period of three weeks as provided by subdivision 1 of section 504 of the law. The employer asserts that since claimant would have had work on the Thursday following her lay-off on May 6th her loss of employment was due to the strike that intervened.

The Unemployment Insurance Fund constitutes, in effect, unemployment insurance for the benefit of employees. Employers of labor are required to make contributions to such fund. (Labor Law, §§ 515, 516.) The design of this humane and beneficent legislation is to provide some income for employees who are deprived of employment because of lack of work. The statute makes mandatory the payment of benefits to employees after a waiting period of three weeks except as provided in section 504 of the law. The pertinent provisions of subdivision 2 of that section are:

" An employee shall not be entitled to benefits except for unemployment which continues subsequent to a waiting period of ten weeks:   *   *   *

" (b) *if he has lost his employment because of a strike, lockout or other industrial controversy in the establishment in which he was employed.*"

The sole question for determination by us is whether claimant lost her employment because of lack of work or because of the strike in the establishment in which she was employed.

It is conceded that claimant was neither laid off nor discharged. Certainly claimant's employment was not terminated by the strike. Under the statute those who cease work because of a strike, lockout or other industrial controversy retain their status as employees.

The language used in the statute which we are construing is clear and unambiguous. Under this statute it is immaterial whether claimant was an actual striker or whether she was unable to work "because of a strike." She was deprived of her employment because of the strike and consequently not eligible for benefits until the elapse of the ten-week waiting period.

The statute makes a distinction between those who are deprived of employment because of lack of work and those deprived of employment because of a strike. In the one case there is a waiting period of three weeks before the employee is entitled to the statutory benefits; in the other the waiting period is ten weeks. In order to adopt appellant's view we would be required to hold that employees who lose their employment because of lack of work and those without employment by reason of the existence of a strike are entitled to identical benefits. The answer to that argument is that the statute makes a clear distinction between the two classes.

The decision of the Board should be affirmed.

Hill, P. J., Crapser and Bliss, JJ., concur.

Decision affirmed, with costs against the appellant.