28257. YOUNG *v.* BUREAU OF UNEMPLOYMENT COMPENSATION.

DECIDED JULY 5, 1940. REHEARING DENIED JULY 30, 1940.

132

, *Victor K. Meador,* for plaintiff in error.

*Clifford Walker, Otis L. Hathcock,* contra.

· STEPHENS, P. J. (After stating the foregoing facts.) In 1937 the legislature enacted the unemployment-compensation law (Ga. L. 1937, p. 806). It was amended (Ga. L. Ex. Sess. 1937-38, p. 356). Section 2 is as follows: "As a guide to the interpretation and application of this act, the public policy of this State is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this State. Involuntary unemployment is therefore a subject of general interest and concern, which requires appropriate action by the legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker or his family. The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment, and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The legislature therefore declares that in its considered judgment the public good and the general welfare of the citizens of this State require the enactment of this measure, under the police powers of the State, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." This act makes provision for, and requires employers subject thereto to contribute to, what is known as "an unemployment-compensation fund;" such contributions to be equal to certain percentages of the wages paid by the employer with respect to employment, so that when workers become unemployed because of economic conditions or otherwise, through no fault of their own, such persons shall receive benefits, the amount of which, based on the amount of wages earned by them when employed, is payable out of such unemployment-insurance fund, during such periods of unemployment. This act provides for the creation of a Bureau of Unemployment Compensation within the Department of Labor,

which bureau, by and through its director, who shall be subject to the supervision and direction of the commissioner of labor, is charged with the administration of the unemployment-compensation law. The act further provides that upon default in the payment of contributions or interest thereon, civil action may be brought for their collection in the name of the commissioner. The courts, as well as the administrator of the unemployment law, in construing and applying the provisions of such law must liberally construe and apply such law in the light of the public policy of this State, as declared in section 2 of the act. The courts shall be guided by the fact that the unemployment-compensation law is intended to provide some income for persons who are, without fault of their own, temporarily out of employment. See Park Floral Co. v. Industrial Commission, 104 Colo. 850 (9 Pac. 2d, 492); Re Sadowski, 257 App. Div. 529 (13 N. Y. Supp. 2d, 553); Re Kinney, 257 App. Div. 496 (14 N. Y. Supp. 2d, 11); Susquehanna Collieries Co. v. Unemployment Compensation Board, 137 Pa. Super. 110 (8 Atl. 2d, 445); Slocum Straw Works v. Industrial Commission, 232 Wis. 71 (286 N. W. 593); Taylor v. McSwain, 54 Ariz. 295 (95 Pac. 2d, 415).

The present case arose out of a suit instituted by the Bureau of Unemployment Compensation against Johnson S. Young, an alleged employer, under the employment-compensation act, to recover certain unpaid contributions, with interest. The defendant denied that he was an employer under the act. The question therefore is, do the provisions of the unemployment-compensation law apply to the defendant? This presents the question whether, within the meaning of this act, the relation of employer and employee exists between the defendant, as owner and operator of the "Artistic Barber and Beauty Shop," and the barbers operating therein. The act of 1937, supra (p. 844, sec. 19(h), 6) provides as follows: "Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the commissioner that: (A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business

of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business." Since the above matters are stated conjunctively and not disjunctively, all three of these elements must be established in order that an employer working an individual for wages may be exempted from the unemployment-compensation act. When it is shown that an individual works for wages, he comes under the act unless "it is shown to the satisfaction of the commissioner" that his employment falls within the three classes designated in A, B, and C, quoted above. Where the commissioner treats an individual working for wages as coming under the act, as he did in this case by proceeding against the employer of such person to collect the contributions required under the act, it presumably was not established "to the satisfaction of the commissioner" that the employment of the individual working for wages falls within the three classes designated A, B, and C. The burden is upon the defendant to show that the services performed came within these three classes. See Globe Grain & Milling Co. v. Industrial Commission (Utah), 91 Pac. 2d, 512.

The case is to be decided solely upon the sufficiency of the allegations in the defendant's plea and answer, and particularly of the provisions of the contract between the defendant employer and the individual barbers working in his shop. Under the terms of that contract, whereby the individual barbers worked in the defendant's shop, they furnished their own tools and paid to the defendant forty per cent. of their collections, they were receiving wages in contemplation of the act. The sixty per cent. which they received out of the proceeds of the collections were in contemplation of the act, wages. As provided in the act (Ga. L. 1937, p. 847), "'Wages' means all remuneration payable for personal services, including commissions and bonuses and the cash value of all remuneration payable in any medium other than cash." It appears from the contract that the individuals working in the defendant's barber shop under the foregoing contract worked for the defendant for wages. Therefore they came under the act, unless it appeared that they fell within the exceptions provided in clauses A, B, and C. It does not appear anywhere in the contract or in the allegations of the defendant's plea and answer that they came within these exceptions. The court did not err in striking the defendant's plea

and answer, and in rendering judgment for the plaintiff. It appears from the contract that it is contemplated that the individual barber is not free from control or direction by the defendant over the performance of his services, and that the services performed are not outside of the usual course of the business or outside of the place of business or enterprise for which the services are performed, and the individual is not customarily engaged in an independently established trade, profession, or business. It is immaterial whether the parties come within the relation of master and servant or independent contractors. The act itself fixes the status of their employment which brings them within the terms of the act, and renders the employer liable for the contributions required by the act. As stated by the Supreme Court of Washington in McDermott v. State, 196 Wash. 261 (82 Pac. 2d, 568), in construing an act similar to the Georgia act, "It is unnecessary to determine whether the common-law relation of master and servant exists between respondent and the barbers and other operatives in his shop, because the parties are brought within the purview of the unemployment-compensation act by a definition more inclusive than that of master and servant."

There is no insistence by the defendant upon the exceptions to the judgment overruling his demurrer to the plaintiff's petition, and such exceptions will be treated as abandoned. The court did not err in striking the defendant's plea and answer, in giving judgment for the plaintiff, and in overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton, J., concurs. Felton J., concurs in the judgment.*