McDERMOTT v. HENRICKSEN, Acting Collector of Internal Revenue.

No. 211.

District Court, W. D. Washington, S. D.

May 9, 1942.

Joseph P. McDermott, of Seattle, Wash., plaintiff pro se.

Thomas R. Winter, Sp. Asst. to Chief Counsel, of Seattle, Wash., for defendant.

278

BLACK, District Judge.

In this cause plaintiff, a well known barber and also a veteran of many court battles in numerous forums, both federal and state, as his own attorney, seeks recovery of certain Social Security tax payments made under protest.

The questions presented are whether certain barbers working in the barber shop, denominated McDermott's Barber Premises, in Seattle, Washington from January 1, 1936, to March 31, 1939, were subtenants of plaintiff and working for themselves or were employees of and working for plaintiff. It is the contention of plaintiff that they were subtenants, each carrying on a wholly independent barbering business, in no manner employees and in no respect receiving wages therefor. It is the contention of the defendant, however, that the barbers were working for plaintiff and were employees of his receiving wages therefor within the provisions of the Social Security Act, 42 U.S.C.A. § 301 et seq.

During a portion of the period the plaintiff contends that such barbers were subtenants by virtue of separate oral leases made with each. During the balance of the period the plaintiff contends that they were subtenants by reason of certain written leases.

In substance plaintiff contends the terms of the oral leases were the same as those of the written leases except that the required period for cancellation was considerably shorter in connection with the oral than the written leases.

The evidence shows that at a time when the plaintiff and the barbers were admittedly in relation of employer and employees practically all of the facts and circumstances relating to the work and the relationship of the parties, including the percentage of receipts going to the barbers, were identical with those during the periods plaintiff contends the barbers were subtenants by oral lease and by written lease except as to certain signs announcing the subtenancies and except for the time specified for termination of the relationship.

The opinion of the State Supreme Court in McDermott v. State, 196 Wash. 261, 82 P.2d 568, summarizes the facts which the court then found surrounded the operation of plaintiff's barber shop business. It appears to me that with minor and inconsequential variations the same facts existed during all of the period involved in this action.

While not pointed out in that opinion it affirmatively appeared during the hearing of this cause that the plaintiff did not entrust keys to these barbers whom he contends were subtenants operating independent businesses on the premises. The evidence makes it clear that as a matter of fact the plaintiff conducted himself as much like an employer in the operation of said barber shop in his relationship to the barbers therein as would be normally expected of any employer in any shop with respect to the barbers employed by him. The subleases prepared by plaintiff disclose much legal ingenuity and acumen. The plaintiff in presentation of his cause exhibited surprising court ability and demonstrated a very intensive study of every legal phase of the matter involved.

However, in the court's opinion his ingenuity, ability and study cannot convert what was in fact employment to subtenancies and independent businesses. It is not the form but the substance which controls.

What was originally employment and so intended and admitted by plaintiff and the barbers cannot be completely altered into something else by a mere matter of nomenclature. There is no substantial difference between the actual terms and conditions of employment during the period plaintiff admits the barbers were employees and the actualities under the so-called subleases except with regards to the names used and the alleged time required for terminating the relationship.

But there was no convincing evidence presented to the court that any such period for cancellation contained in the subleases was intended in fact to be operative. The evidence showed that whatever the required time of notice might purport to be that in actual practice when plaintiff saw fit to terminate his relationship with a barber that such termination was immediate.

The evidence was presented on many days and interrupted by many continuances. The briefs are extensive. But unquestionably under the facts plaintiff has failed to sustain the burden required of him. The law applicable is controlled by the facts. The State Supreme Court in McDermott v. State, supra, disagreed with plaintiff and adjudged that what he contended were oral subleases were in fact under the statute there involved oral contracts of employment. Likewise, I must hold

under the statute applicable in this cause that what he contends were oral subleases and what he contends were written subleases were in fact contracts of employment.

Supporting my conclusion as to the nature of the relationship between plaintiff and the barbers in the shop in question are the following cases, in addition to McDermott v. State, supra, involving barber shops: Young v. Bureau of Unemployment Compensation of State of Georgia, 1940, 63 Ga.App. 130, 10 S.E.2d 412; Tharp v. Unemployment Compensation Commission of Wyoming, 121 P.2d 172, decided by the Supreme Court of Wyoming January 20, 1942.

I have had the benefit of the numerous other citations set forth in the respective briefs of the parties. The facts involved so distinguish this instant cause that I deem analysis or mention of such other citations unnecessary. Under the facts and the law as they appear to me plaintiff has not established his right to prevail and therefore in my opinion the action should be dismissed.