29405. BABB & NOLAN *v.* HUIET, Commissioner.

DECIDED JULY 16, 1942. REHEARING DENIED JULY 28, 1942.

*Ernest C. Hogan, Thomas E. McLemore,* for plaintiff.

*A. L. Henson, Clifford Walker, Otis L. Hathcock,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The unemployment compensation act (Ga. L. 1937, p. 806) and all amendments thereto, Code, cumulative pocket part, chapter 54-6, fixes the status of what constitutes an employer and an employee under the act and the circumstances which render the employer liable to pay the contributions required. The line of demarcation is not necessarily that which exists between masters and servants and independent contractors. As provided in Code § 54-657, "services performed by an individual for wages shall be employment subject to this chapter unless" certain things appear to the satisfaction of the commissioner. Under that same section "wages" are defined as "all remuneration for personal services, including commissions." See *Young* v. *Bureau of Unemployment Compensation,* 63 *Ga. App.* 130 (10 S. E. 2d, 412). It clearly appears from the allegations in the plea and answer that the salesmen in question were under contract to perform services for the defendants, and did in fact perform services, for which they were paid commissions. While it appears that these salesmen had great latitude in working independently of the defendants in selling property, it nevertheless appears from the allegations and from the contract attached that they sold to customers from listings held by the defendants, and that the salesmen received a portion of the commissions and the defendants received a portion. Manifestly, in selling to prospects from which sales the defendants would obtain a portion of the commissions, the salesmen were performing services for the defendants. Under the terms of the contract the legal right to collect commissions on sales made by the salesmen was in the defendants and not in the salesmen. The salesmen were bound to look to the defendants for the payment of their proportionate part of the commissions. The defendants were under obligation to pay the commissions to the salesmen. These commissions were necessarily paid for services rendered. The salesmen therefore were, as provided in the act, performing services for "wages," which term includes commissions, for the defendants.

The salesmen, therefore, come under the act unless there be shown, to the satisfaction of the commissioner, three things conjunctively. Code, § 54-657. *Young* v. *Bureau of Unemployment*

*Compensation,* supra. One of these (A) is that the salesman "has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact." It does not appear from the allegations of the plea as amended, or from the contract that the salesmen at any time are free from control or direction as to the performance of their services. They are under obligation to the defendants to regulate their habits so as to maintain the good will and reputation of the defendants, and to abide by the law, and to exert their best efforts to sell real estate listed with the defendants. As to these matters the salesmen are necessarily under some control and direction of the defendants. The salesmen have the right to sell only property listed with the defendants. Therefore, the defendants have a control and direction over the salesmen as respects what property the salesmen shall sell. The salesmen are under the control of the defendants in so far as commissions are paid to the salesmen. As has been pointed out, the salesmen have no right to collect commissions from the owners of property sold, but this right is reserved in the defendants.

Another of the provisions (B) is that the services performed by the salesmen are "either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places pf business of the enterprise for which such service is performed." All the services performed by the salesmen, although perhaps they are not performed in the central office of the defendants, are performed within the limits, territorially or otherwise, of the contract. Another of the provisions (C) is that the salesmen are "customarily engaged in an independently established trade, occupation, profession or business." It does not appear from the allegations in the plea that any of these salesmen "customarily" engaged in an independently established trade, occupation, profession or business. It is alleged only that the salesmen are engaged in an independent business and as such only use part time in selling real estate. Whether or not, under the provisions of this subsection C, it is contemplated that the individual, as in this case a salesman, in customarily engaging in an independently established trade, occupation, profession or business, must not perform any service or give any time to the performance of services for his alleged employer, Babb and Nolan,

and whether or not his mere engagement in an independent business, as alleged in the plea, without its appearing that he was "customarily" so engaged, are questions which it is not necessary for the purposes of this case to answer. Since, in order to exempt the person performing services for wages from coming under the act it is essential to establish to the satisfaction of the commissioner *conjunctively* the three conditions indicated under A, B, and C, the salesmen here are not exempt from the operation of the act since all of these conditions do not apply to them. It is sufficient if they, as here, fail to fall within the conditions prescribed in A and B.

It appears that upon the application of the provisions of the act these salesmen performed services for the defendants for commissions which are wages under the definition of the act, and that they come under the act unless the three exceptions quoted above are shown "to the satisfaction of the commissioner." It does not appear anywhere in the plea and answer that the facts in the three exceptions were shown to the satisfaction of the commissioner. In fact, the commissioner himself is bringing this suit on the ground that the salesmen are performing services under the act.

Certain decisions and rulings of departments relied on by counsel for the plaintiffs in error are not necessarily binding on this court. Some of these decisions are distinguishable on the facts. Besides, the questions herein involved seem to be settled as here ruled in *Young* v. *Bureau of Unemployment Compensation,* supra.

There appears nothing unconstitutional in the act as being an unjust and arbitrary classification, thereby denying the defendants the equal protection of the laws and due process of law. See *Camp* v. *State,* 171 *Ga.* 25 (154 S. E. 436).

The judge did not err in sustaining the demurrer to the plea and answer as amended, and in entering judgment for the plaintiff.

*Judgment affirmed. Sutton and Felton, JJ., concur.*