33410. REDWINE, Commissioner, *v.* WILKES.

DECIDED FEBRUARY 1, 1951. REHEARING DENIED MARCH 20, 1951.

*Clifford Walker, J. Benton Evans,* for plaintiff in error.

*James Barrow, John L. Green,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The purpose of the Unemployment Compensation Law as set out in Chapter 54-6, Code (Ann. Supp.) is to prevent economic insecurity due to unemployment by encouraging employers to provide more stable employment and to accumulate funds to pro-

vide benefits for periods of unemployment, and for this purpose it must be liberally construed and applied. Code (Ann. Supp.) § 54-602; *Young* v. *Bureau of Unemployment Compensation*, 63 *Ga. App.* 130 (10 S. E. 2d, 412), at page 135.

Code (Ann. Supp.) § 54-657 (h) (6) provides as follows: "Services performed by an individual for wages shall be deemed to be employment subject to this Chapter, unless and until it is shown to the satisfaction of the Commissioner that: (A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business." Code (Ann. Supp.) §54-657 (n) defines wages as "all remunerations for personal services, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash."

As to subsection (A) the undisputed testimony showed that the drivers of the plaintiff's taxicabs, while free from his direction and control in certain respects, were under his direction and control in that they were subject to dismissal for discourtesy to patrons, intoxication, reckless driving and so on, and that this dismissal could be summary in nature, and was not subject to any period of time set out in any lease or rental agreement. As to subsection (B) the evidence showed that the service was performed in the usual course of the business of the Everready Cab Company which was also in the usual course of the business of the individual taxicab drivers, and was performed in part at least within the place of business of the enterprise for which it was performed, in that the company received telephone calls for patrons and relayed them to drivers over its own system, with the operation of which the drivers were not concerned, and also that the company provided waiting rooms for patrons and a place where the taxicabs came into the premises and waited in line to receive patrons waiting for such transportation. As to subsection (C) the evidence was

undisputed that in order for any taxicab driver in the City of Athens to operate a cab in that city it was necessary not only that he have an individual license, but that this license be used under and in connection with a franchise or permit granted to some person, firm or corporation who had qualified as a common carrier for hire and who carried insurance and otherwise fulfilled the conditions of the franchise. None of the drivers in question had such a franchise, nor did they customarily engage in an independently established trade or occupation. There was evidence that when they desired to do so they would leave the plaintiff's company and work for Veterans Cabs or some other taxicab company, and perhaps later return to the plaintiff's company. It is therefore apparent that the drivers in question fall under none of the exceptions to the word "employment" as defined in the act, and that their remuneration consisted of wages as defined by subsection (n) of Code (Ann. Supp.) § 54-657 in the amount of the fares which they were able to collect less the stipulated sum of $6 per day which was paid to the plaintiff.

Where a corporation merely leases space within its building to another who there conducts an independent business which is in no way controlled by the corporation, an employee of the lessee who is paid wages by him is not an employee of the corporation under the terms of the Unemployment Compensation Law. *Huiet* v. *Great A. & P. Tea Co.*, 66 *Ga. App.* 602 (18 S. E. 2d, 693). Where, however, the owner of a barbershop "leased" chairs to individual barbers under an agreement whereby the barbers worked in the defendant's shop, furnished their own tools, and paid to the defendant 40% of their collections, they were employees and receiving wages under the terms of the act, and "it is immaterial whether the parties come within the relation of master and servant or independent contractors." *Young* v. *Bureau of Unemployment Compensation*, 63 *Ga. App.* 130 (supra). To the same effect see also *Brewster* v. *Huiet*, 69 *Ga. App.* 593 (26 S. E. 2d, 198); *Kaus v. Unemployment Compensation Comm.*, 230 Iowa 860 (299 N. W. 415); *Fitzgerald v. Cardwell*, 207 Mo. App. 514.

It is apparent in this case, as in the *Young* case, that the relationship of the plaintiff and his drivers was not that of a mere

leasing of property, such as existed in the *A. & P. Tea Co.* case where said company leased space to another to conduct an independent business, but that on the contrary the sums received by the drivers were wages in contemplation of the act, the drivers not coming under the exceptions stated in subdivisions A, B and C of Code( Ann. Supp.) § 54-657(h)(6). This being so, the trial court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*