## 34423.   BENTON RAPID EXPRESS *v.*
## REDWINE, Commissioner.

Decided January 29, 1953—Rehearing denied February 13, 1953.

*R. J. Reynolds Jr.*, for plaintiff in error.
*Clifford Walker, J. Benton Evans*, contra.

CARLISLE, J.  By the terms of Code, Ann. Supp., § 54-657 (f), it is provided: " 'Employing unit' means any individual or type of organization  .  .  which has, or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State.  .  .  Each individual employed to perform or to assist in performing the work of any agent or employee of an employing unit shall be deemed to be employed by such employing unit for all the purposes of this Chapter, whether such individual was hired or paid directly by such employing unit or by such agent or employee, provided the employing unit had actual or constructive knowledge of such work.  Provided that a common carrier of persons or property

shall not, by reason of anything in this subsection (f) contained, be deemed, for the purposes of this Chapter, to employ any individual in the employ of a commission agent for such common carrier, if the services performed by such commission agent for such common carrier do not themselves constitute 'employment' as in subsection (h) hereof defined."

Employment is defined in subsection (h) as follows: ". . service performed after December 31, 1940, . . for wages or under any contract of hire, written or oral, express or implied."

In section (6) of subsection (h) of Code (Ann. Supp.) § 54-657, it is provided that: "Services performed by an individual for wages shall be deemed to be employment subject to this Chapter unless and until it is shown to the satisfaction of the Commissioner [of Labor] that: (A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business." Under this section of the statute, Carter's services presumptively came within the statutory definition of employment until the defendant carrier showed conjunctively the three conditions indicated under (A), (B), and (C) of the section indicated above. *Babb & Nolan* v. *Huiet*, 67 *Ga. App.* 861, 867 (21 S. E. 2d, 663).

But, by section 7 of subsection (h) it is also provided: "But the term 'employment' shall not include: . . (O) Services performed for an employer who is a common carrier of persons or property by an individual (or firm or corporation), as commission agent, in disseminating information with respect to, and selling, transportation of persons or property, and in maintaining facilities incidental thereto, including waiting, lunch or restrooms for passengers and storage space for property, provided that (1) all such services are performed by such individual (or firm or corporation) as an independent contractor for such employer and are remunerated solely by way of commissions on the sale price of such transportation, (2) the employer exercises

no general control over such commission agent but only such control as is necessary to assure compliance with its filed tariffs and with the laws of the United States and the State of Georgia, and the rules and regulations of the Public Service Commission, the Interstate Commerce Commission and all other regulatory bodies having jurisdiction in the premises, and (3) such services are not rendered in an establishment devoted primarily to use as a waiting room for the passengers or storage room for the property carried or to be carried by such common carrier."

The evidence introduced at the trial, under a proper construction of the language of our statute itself, is determinative of the only issue of whether the carrier is subject to taxation on the wages of D. L. Carter and his employees.

It is clear from the provisions of the statute that employment security taxation on wages of employees of "employing units" is required of every employing unit in this State unless specifically exempted, and it is also clear that such taxation extends to the wages of individuals employed to perform or to assist in performing the work of any agent or employee of an employing unit, whether such individuals were hired or paid directly by such employing unit or by such agent or employee if the employing unit had actual or constructive knowledge of such work, but the employees of a commission agent of a common carrier are not to be considered employees of the common carrier employing unit unless the services performed by the commission agent come within the definition of *employment* prescribed by the statute.

The question for determination can therefore be narrowed to this: Does the evidence introduced upon the trial authorize a finding that the services performed by Carter for Benton Rapid Express come within the statutory definition of employment?

As we have said, presumptively Carter's services come within the definition of employment unless it be affirmatively shown that conditions (A), (B), and (C) of section (6) of subsection (h) exist conjunctively; but by the provisions of section (7) of subsection (h) services performed by commission agents of common carriers of persons or property are excluded from the definition of employment if (1) all such services are performed by such commission agent as an independent contractor and are

remunerated solely by way of commissions on the sale price of such transportation; (2) the employer exercises no general control over such commission agent except as is necessary to assure compliance with its filed tariffs and the laws of the United States and the State of Georgia, and the rules and regulations of the Public Service Commission and the Interstate Commerce Commission; and (3) such services are not rendered in an establishment devoted primarily to use as a waiting room for the passengers or storage room for property carried or to be carried by such common carrier. Carter owned a warehouse in Vidalia, Georgia, and for a commission, based upon the hundred weight of freight handled by him, he picks up, stores, and delivers freight for Benton Rapid Express. This work constitutes his principal business and ninety per cent of the space in the warehouse is devoted to storage of freight for Benton Rapid. Under this evidence the court was authorized to find that Carter's services came within the definition of employment prescribed, unless the defendant carrier showed conjunctively the three conditions imposed by section (6) of subsection (h). Under the evidence on this point the court was authorized to find that Carter was not an independent contractor as Benton Rapid Express could "turn . . [Carter] off any day that they wanted to." The court did not err in finding in favor of the fi. fa.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*