35031.   McNEEL, INCORPORATED, *v.* REDWINE,
Commissioner, etc.

Decided May 4, 1954—Rehearing denied June 29, 1954.

*Alston, Sibley, Miller, Spann & Shackelford,* for plaintiff in error.

*Otis L. Hatchcock,* contra.

FELTON, C. J. It makes no difference whether the relationship between the parties was one of employer-employee or the "dealers" were independent contractors. The test, and the quesiton here for decision, is whether the status between the parties falls within the meaning of employment as defined by the act. *Young v. Bureau of Unemployment Comp.,* 63 *Ga. App.* 130, 137 (10 S. E. 2d 412). Code (Ann. Supp.) § 54-657 (h) defines employment subject to the act as meaning any service performed for wages or under any contract of hire, written or oral, express or implied. Code (Ann. Supp.) § 54-657 (n) defines "wages" as meaning "all remunerations for personal services, including commissions and bonuses and the cash value of all remuneration

paid in any medium other than cash." We think the "broker-salesmen," or "dealers," performed "services" for the defendant for "wages" within the meaning of the act, and that therefore they come under the act unless they are exempt therefrom by virtue of Code (Ann. Supp.) § 54-657 (h) (6), which provides: "Services performed by an individual for wages shall be deemed to be employment subject to this Chapter, unless and until it is shown to the satisfaction of the Commissioner that: (A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business." The contract and the affidavit of illegality do not show that they are so exempt. The company furnishes the "dealers" with sales equipment and printed sales matter, pays them commissions on sales made according to a price list made up by the company, makes advances against their commissions, directs, even if indirectly, the erection of foundations and monuments, can discharge them at its pleasure, requires them to conform to current company price lists, regulates collections, and requires them to "regularly visit all counties in the assigned territory and make required reports," etc. See *Babb & Nolan* v. *Huiet*, 67 *Ga. App.* 861 (21 S. E. 2d 663); *Redwine* v. *Wilkes*, 83 *Ga. App.* 645 (64 S. E. 2d 101); *Young* v. *Bureau of Unemployment Comp.*, supra.

It does not matter that the Federal Employment Security Agency has construed the contract as not bringing the parties under the Federal law. Our Georgia act describes its own coverage, and the test of coverage or non-coverage is made under the Georgia act only.

The court did not err in sustaining the general demurrer to the affidavit of illegality.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*