35266. REDWINE, Commissioner, for use, etc. *v.* REFRIGERATED TRANSPORT COMPANY, INC.

DECIDED SEPTEMBER 16, 1954—REHEARING DENIED OCTOBER 1, 1954.

*Otis Hathcock, Dean J. Ratliffe,* for plaintiff in error.

*Paul M. Daniel, Allan Watkins,* contra.

CARLISLE, J. ■ By the terms of Code (Ann. Supp.) § 54-657 (f) it is provided: " 'Employing unit' means any individual or

■

type of organization . . . which has, or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State. . . Each individual employed to perform or to assist in performing the work of any agent or employee of an employing unit shall be deemed to be employed by such employing unit for all the purposes of this Chapter, whether such individual was hired or paid directly by such employing unit or by such agent or employee, provided the employing unit had actual or constructive knowledge of such work. Provided that a common carrier of persons or property shall not, by reason of anything in this subsection (f) contained, be deemed, for the purposes of this Chapter, to employ any individual in the employ of a commission agent for such common carrier, if the services performed by such commission agent for such common carrier do not themselves constitute 'employment' as in subsection (h) hereof defined."

Employment is defined in subsection (h) as follows: ". . . service performed after December 31, 1940, . . . for wages or under any contract of hire, written or oral, express or implied."

"Wages" is defined in subsection (n) to mean "all remunerations for personal services, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash."

In section (6) of subsection (h) of Code (Ann. Supp.) § 54-657, it is provided that "Services performed by an individual for wages shall be deemed to be employment subject to this Chapter unless and until it is shown to the satisfaction of the Commissioner [of Labor] that: (A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business." Under this section of the statute, the services of the individuals in this case presumptively come within the statutory definition of employment until the defendant in fi. fa. affirmatively establishes

conjunctively the three conditions indicated under (A), (B), and (C) of the section indicated above. *Benton Rapid Express* v. *Redwine,* 87 *Ga. App.* 584 (74 S. E. 2d 504), and citation.

Under the view which we take of this case, the sole question for determination is whether the defendant in fi. fa. carried the burden of proof cast upon it by the terms of the statute. The defendant in fi. fa. is an employing unit within the purview of the statute. The remuneration of the owner-drivers of the tractors and trailers, and that of their assistants, comes within the definition of wages contained in the statute. The services of the owner-drivers and their assistants come within the definition of employment contained in the statute. The unemployment-compensation tax is, therefore, payable by the defendant in fi. fa. unless it was shown that it came within each of the three exceptions contained in the statute (Code, Ann. Supp., § 54-657 (h) (6) (A), (B), (C)). In a determination of the question of whether the defendant in fi. fa. has carried the burden of proof by establishing that it came within each of the three statutory exceptions, the language of the statute is controlling, and whether under the general law the relationship between the parties would have been considered that of master and servant or of independent contractors is of no consequence. *Young* v. *Bureau of Unemployment Compensation,* 63 *Ga. App.* 130 (10 S. E. 2d 412); *McNeel, Inc.* v. *Redwine,* 90 *Ga. App.* 345 (83 S. E. 2d 33).

The first of the noted exceptions, (A), requires that it be shown to the satisfaction of the Commissioner of Labor that the owner-drivers and their assistants have been and will continue to be free from control or direction over the performance of their services, *both* under their contracts of service and in fact. Under the view which we take of this case, we need proceed no further than a consideration of this first exception, as the defendant in fi. fa. failed to establish that the owner-drivers and their assistants were free from control or direction over the performance of their services, both under their contracts and in fact. By the terms of their contracts of service the owner-drivers are subject to control and direction by the defendant in fi. fa., and since this is so, the defendant in fi. fa. fails to establish that it comes within each of the three exceptions conjunctively; and, having failed in this requirement, a finding was demanded for the plaintiff in fi. fa.

The lease agreement between the defendant in fi. fa. and one of its owner-drivers, which was introduced in evidence, and which the defendant in fi. fa. concedes is the standard form used between it and all of its owner-drivers, provides by its very terms for control and direction over the owner-drivers. The owner-driver's tractor and trailer, or if no trailer, the tractor alone, are leased to the defendant in fi. fa. and are "to be operated by lessor *exclusively* for the lessee in its operation as an irregular route, common carrier." If the agreement does not cover tractor and trailer, the lessor agrees "to pull any trailer designated by the lessee." The lessee is to have *"dominion, supervision, and control of the equipment"* during the lease. Physical examination reports on the owner-driver and his relief driver must be submitted to the lessee. Driver's logs, in compliance with the requirements of the Interstate Commerce Commission, must be furnished by the owner-driver and his relief driver to the lessee. Should the owner-driver, or his relief driver, while pulling either his own trailer or that of the lessee, strike an underpass, or should the owner-driver, or his relief driver, be reported for drinking on the job, the lessee reserves the right to suspend such owner-driver or relief driver, pending an investigation. The owner-driver is required to comply with "any company rules that do not conflict with any of the terms of" the lease agreement. These provisions of the agreement do not, to our minds, bespeak freedom from control or direction of the owner-drivers by the defendant in fi. fa. Since this is true, we need prolong the discussion no further. The defendant in fi. fa. failed to establish that it came within each of the three exceptions conjunctively, and a finding was demanded for the plaintiff in fi. fa. on the question of the defendant in fi. fa.'s liability for unemployment taxation on the owner-drivers and their relief drivers. While the relief drivers are hired and paid directly by the owner-drivers, the lease agreement between the owner-drivers and the defendant in fi. fa. contemplated the employment of relief drivers, and the evidence shows without contradiction that the defendant in fi. fa. had actual knowledge of their employment. See Code (Ann. Supp.) § 54-657 (f), by the terms of which the relief drivers are brought within the purview of the statute.

It is also contended by counsel for the defendant in fi. fa. that, since the defendant in fi. fa. is a common carrier of property and the owner-drivers are remunerated on a commission basis, their services come within the exception to the definition of employment contained in Code (Ann. Supp.) § 54-657 (h) (7) (O), which exempts the services of commission agents of such carriers. This position is untenable for the reason that such section of the statute does not exempt the services of commission agents in general from the definition of employment, but exempts the services only of those commission agents engaged in disseminating information with respect to transportation of persons or property, those engaged in selling transportation of persons or property, and those engaged in maintaining facilities incidental to the dissemination of information with respect to transportation of persons or property, or those engaged in maintaining facilities incidental to the sale of transportation of persons or property. The owner-drivers in this case being unconcerned with those matters do not come within the definition of commission agents contained in that section of the statute.

■ Five of the six special grounds of the motion for a new trial are but elaborations of the general grounds and are disposed of by what has been ruled in division 1 of this opinion. The remaining special ground, which complains of the admission of certain evidence in the case, does not alter the ruling made in division 1, for the reason that, whether admitted or excluded, such evidence has no bearing upon the case under the view which we have taken.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*