36519.   MOORE *v.* WILLIAMS, REVENUE
COMMISSIONER, for use, etc.

DECIDED FEBRUARY 27, 1957—REHEARING DENIED
MARCH 13, 1957.

310

Stanley P. Meyerson, Johnson, Hatcher & Meyerson, for plaintiff in error.

Otis L. Hathcock, contra.

QUILLIAN, J. The defendant insists that he was not liable for the tax because the individuals who performed the services were independent contractors and not his employees. "It makes no difference whether the relationship between the parties was one of employer-employee or the 'dealers' were independent contractors. The test, and the question here for decision, is whether the status between the parties falls within the meaning of employment as defined by the act. *Young* v. *Bureau of Unemployment Comp.*, 63 *Ga. App.* 130, 137 (10 S. E. 2d 412)." *McNeel, Inc.* v. *Redwine*, 90 *Ga. App.* 345, 347 (83 S. E. 2d 33).

The defendant in fi. fa. is without question an "employing unit" paying "wages" to his employees. Code § 54-657 (f), (h), (v). The sole question remaining in this case is whether the parties in question were employees within the meaning of Code

§ 54-657. In subsection (h) (6) of Code (Ann. Supp.) § 54-657, it is provided: "Services performed by an individual for wages shall be deemed to be employment subject to this Chapter unless and until it is shown to the satisfaction of the Commissioner [of Labor] that: (A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business." The Commissioner in the present case treated the individuals as coming under the act, and the burden of proof then fell on the defendant to prove that the individuals' services came within the exceptions of Code § 54-657, subsec. (h) (6). To avoid the payment of the unemployment compensation the defendant must prove that the individuals in this case fall within the classes of those indicated under (A), (B) and (C), of the above section, conjunctively. *Benton Rapid Express v. Redwine,* 87 *Ga. App.* 584 (74 S. E. 2d 504); *Redwine v. Refrigerated Transport Co.,* 90 *Ga. App.* 784 (1) (84 S. E. 2d 478). Subsection (A) provides that an individual who works for wages is deemed subject to the act unless he has been and will continue to be free from control or direction over the performance of his services, both under his contract of service and in fact. In the present case there was sufficient evidence from which a jury, in this case the judge sitting in lieu of a jury, could have concluded that the defendant supervised the erection of the first house; that the individuals in question could have been discharged at any time; that the defendant bought the materials and only paid the individuals for their labor. And he would be further authorized to conclude from these findings that the individuals in question were not free from the control and direction of the defendant. There was also evidence which would have authorized the judge to conclude that the services performed by these individuals were not outside the usual course of the business for which such services were performed. Either finding

312

would prevent the services performed by the individuals from falling within the exceptions listed in Sections (A), (B) and (C) of the act. The trial judge did not err in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*