36580. BLACKSTOCK *v.* ATLANTA NEWSPAPERS, INC. *et al.*

DECIDED MARCH 13, 1957—REHEARING DENIED MARCH 27, 1957.

*Chas. W. Anderson, Oze R. Horton,* for plaintiff in error.

*Arnold & Gambrell, John E. Dougherty, Otis L. Hathcock,* contra.

QUILLIAN, J. To entitle the claimant to unemployment compensation the evidence must disclose that he was an employee of the defendant receiving wages for his services. Code (Ann. Supp.) § 54-657 (h) defines employment subject to the act as

meaning any service performed for wages or under any contract of hire, written or oral, express or implied. Code (Ann. Supp.) § 54-657 (n) defines "wages" as meaning "all remunerations for personal services, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash." "It makes no difference whether the relationship between the parties was one of employer-employee or the 'dealers' were independent contractors. The test, and the question here for decision, is whether the status between the parties falls within the meaning of employment as defined by the act. *Young* v. *Bureau of Unemployment Comp.*, 63 *Ga. App.* 130, 137 (10 S. E. 2d 412)." *McNeel, Inc.* v. *Redwine*, 90 *Ga. App.* 345, 347 (83 S. E. 2d 33).

In the present case the evidence disclosed that the claimant was not on the payroll of the defendant nor did he receive any salary or compensation from it. The claimant's daily profits consisted of the difference between the price he paid for the papers and the price at which he resold them to the public. While it is true the defendant would give the claimant a refund or credit for the papers that he failed to sell, this would not destroy the relationship as vendor and vendee between the parties. The termination of their relationship would be brought about not by discharge in its ordinary sense, but by the claimant's failure to purchase papers from the defendant, or by the defendant's refusal to sell further papers to the claimant. This status is supported further by the fact that the defendant charged the claimant sales tax on each purchase of papers made by the claimant. The evidence demanded a finding that the claimant was not an employee of the defendant receiving wages for his services. The judge did not err in reversing the decision of the board of review.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*