## 56613. CALDWELL v. SARAH COVENTRY, INC.

WEBB, Judge.

This litigation was precipitated by an application for unemployment benefits by a "fashion show director" for Sarah Coventry, Inc. The Employment Security Agency of the Georgia Department of Labor determined that "fashion show directors" were employees of Sarah Coventry within the meaning of the Employment Security Law (Code Ann. § 54-601 et seq.), that they earned "wages" within the meaning of Code Ann. § 54-657 (n), and consequently they were in an employment relationship with Sarah Coventry not otherwise exempted by Code Ann. § 54-657 (h) (6) (A) (B) and (C), and thus Sarah Coventry was liable for unemployment insurance tax.

That determination of liability for the tax was affirmed, after an evidentiary hearing, by the director of the Unemployment Insurance Service Division of the

Georgia Department of Labor.

Evidence at the hearing under the Administrative Procedure Act revealed that any person desiring to be a "fashion show director" was required to enter into a written agreement with Sarah Coventry, by which such person would be authorized to solicit items sold by Sarah Coventry. Solicitation was done by persuading individuals, referred to as hostesses, to allow the "fashion show director" to show Sarah Coventry items in their homes. There were no territorial assignments or geographical restrictions, no requirements for a minimum number of shows within a specific time, and there was no prohibition against the sale of other products or regular employment. Some informal pressure, however, would be made on a nonproductive "fashion show director." The "fashion show director" had specific authority to solicit orders for Sarah Coventry, but was not allowed to vary conditions of sale and set prices. The right to accept the orders was expressly reserved to Sarah Coventry. Sales equipment was furnished on loan at no cost to the "fashion show director." A commission was paid periodically on the sales made by the "fashion show director." All complaints by the customers had to be addressed to Sarah Coventry; the "fashion show director" was not authorized to make any warranties regarding the items sold, and if any refund was made by Sarah Coventry, a charge would be made against the commission account of the "fashion show director." The agreement also recited, among other things, that the "fashion show director" "is not covered by any State Unemployment or Workmen's Compensation Act."[1]

Sarah Coventry appealed to the Superior Court of Fulton County under the Administrative Procedure Act. Code Ann. § 3A-120. The trial judge reversed the decision of the Employment Security Agency, holding that the "fashion show directors" employed by Sarah Coventry were not employees "who perform services for wages," that under the facts and terms of agreement between the employer and employee, the status of the individual

---

[1]Violative of Code Ann. § 54-651 and void.

fashion show director, *"when viewed in light of common law principles,* is that of an independent contractor and not that of an employee." (Emphasis supplied.)

From the superior court's decision we have this appeal, the Commissioner charging that the court,

(1) disregarded the statutory definition of employment under the Employment Security law in determining whether the relationship between Sarah Coventry and its fashion show director constitutes employment subject to taxation under that law;

(2) improperly and incorrectly found that an employment relationship did not exist between Sarah Coventry and its fashion show directors under Code Ann. § 54-657 (h) (6) (A) (B) and (C); and

(3) improperly and incorrectly applied the common law control test to determine the employment status of fashion show directors.

We reverse.

The Employment Security Law provides for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. Code Ann. § 54-602.

Employment subject to unemployment insurance taxation is defined under § 19 (h) (6) of the Employment Security Laws (Code Ann. § 54-657 (h) (6)) as follows:

"(6) Services performed by an individual for wages shall be deemed to be employment subject to this Chapter, unless and until it is shown to the satisfaction of the commissioner that

"(A) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

"(C) Such individual is customarily engaged in an independently established trade, occupation, profession or business."

Further, § 19 (n) (Code Ann. § 54-657 (n)) defines

wages to mean:

"(n) 'Wages' means all remunerations for personal services, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash . . ."

Thus it is clearly manifest from the Act that an employer for whom services are rendered for wages, which is defined to include commissions, is an employing unit subject to unemployment contribution on behalf of the person who rendered those services, unless the relationship is exempted from coverage under the provisions of § 19 (h) (6) (A) (B) and (C) hereinabove quoted, the so called "ABC" test.

The superior court did not apply the statutory definition, but instead applied the common law "control test" in making its determination that the "fashion show directors" were not employees within the meaning of the Act. The proper test, however, "is whether the status between the parties falls within the meaning of employment as defined by the act." *Moore v. Williams,* 95 Ga. App. 309, 310 (97 SE2d 718) (1957).

This court has recognized that the definition of employment under the employment security law is contained in the statute itself. "It makes no difference whether the relationship between the parties was one of employer-employee or the 'dealers' were independent contractors. The test, and the question here for decision, is whether the status between the parties falls within the meaning of employment as defined by the act." *McNeel, Inc. v. Redwine,* 90 Ga. App. 345, 347 (83 SE2d 33) (1954) (cert. den.) "In a determination of the question of whether the defendant in fi. fa. has carried the burden of proof by establishing that it came within each of three statutory exceptions [Code Ann. § 54-657 (h) (6) (A), (B), (C)], the language of the statute is controlling, and whether under the general law the relationship between the parties would have been considered that of master and servant or of independent contractors is of no consequence." *Redwine v. Refrigerated Transport Co.,* 90 Ga. App. 784, 787 (84 SE2d 478) (1954).

*National Trailer Convoy v. Undercofler,* 109 Ga. App. 703 (137 SE2d 328) (1964), relied upon by the

superior court, is inapposite. There the potential employees, truck operators licensed by the state in their own capacities, were paid for the use of their trucks and driving services, and the lease agreement allowed the operators to provide services through employees of the operators rather than the operators themselves. Similarly, *Williamson v. Modern Homes Const. Co.,* 114 Ga. App. 340 (151 SE2d 488) (1966), quoting from *National Trailer,* supra, held that in determining whether an individual comes within the scope of the Act, it is first necessary to establish that the individual performs services for wages.

The findings of the hearing officer that the "fashion show directors" performed services for Sarah Coventry for wages within the terms of § 19 (n) are clearly supported by evidence in the record, and there can be no doubt that these persons provided a service to Sarah Coventry for which they were compensated by commission. The relationship between those individuals and Sarah Coventry constituted employment which cannot satisfy all three parts of the "ABC" test sufficiently to become exempt under the Employment Security Law. Under the any evidence rule, the findings are conclusive and should not have been disturbed by the superior court. *Dept. of Human Resources v. Holland,* 133 Ga. App. 616, 617 (1) (211 SE2d 635) (1974); *Ga. Real Estate Comm. v. Hooks,* 139 Ga. App. 34 (227 SE2d 864) (1976).

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 7, 1978 — DECIDED OCTOBER 2, 1978 — REHEARING DENIED OCTOBER 18, 1978 —

*Arthur K. Bolton, Attorney General, L. Joseph Shaheen, Jr., Assistant Attorney General,* for appellant.

*Jones, Bird & Howell, David A. Rammelkamp, Alexander E. Wilson, Jr., Westmoreland, Hall, McGee & Warner, P. Joseph McGee,* for appellee.