### 77720. TANNER v. BROOKS et al.
(378 SE2d 405)

CARLEY, Chief Judge.

Appellee Jerry Brooks is the owner and operator of a business which provides janitorial services for commercial buildings. Nathan Charlton is one of the individuals who was hired by appellee to perform the actual janitorial work. When Charlton filed a claim for unemployment compensation benefits, he listed appellee as his most recent employer. A "field and wage investigation" led to the determination that, although Charlton was a covered employee under the Employment Security Law, appellee had paid no unemployment compensation taxes on the wages that he had paid to Charlton. Based upon the further determination that appellee was not exempt from the payment of the taxes, Charlton's claim for unemployment compensation was approved and appellee was ordered to pay the unemployment compensation taxes. When appellee's administrative appeals proved unsuccessful, he appealed to the superior court. The superior court reversed. The instant appeal results from this court's grant of the application of the appellant-Commissioner of the Department of Labor for a discretionary appeal from the superior court's order.

1. The administrative findings that appellee had paid Charlton "wages" within the meaning of OCGA § 34-8-51 (a) and that appellee was an "employer" within the meaning of OCGA § 34-8-38 are undisputed. Accordingly, the only issue for determination is whether there was sufficient evidentiary support for the administrative finding that appellee was not exempt from the payment of unemployment com-

pensation taxes under OCGA § 34-8-40 (g).

OCGA § 34-8-40 (g) provides that "[s]ervices performed by an individual for wages *shall be deemed to be employment subject to this chapter unless and until* it is shown that: (1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; (2) Such service is outside the usual course of the business for which such service is performed or such service is performed outside of all the places of business of the enterprise for which such service is performed; and (3) Such individual is customarily engaged in an independently established trade, occupation, profession, or business." (Emphasis supplied.) "Since the above matters are stated conjunctively and not disjunctively, all three of these elements must be established [by the employer] in order that an employer working an individual for wages may be exempted from the unemployment-compensation act." *Young v. Bureau of Unemployment Comp.*, 63 Ga. App. 130, 136 (10 SE2d 412) (1940). See also *Sarah Coventry, Inc. v. Caldwell*, 243 Ga. 429, 430 (254 SE2d 375) (1979); *Vocational Placement Svcs. v. Caldwell*, 168 Ga. App. 198, 199 (1) (308 SE2d 618) (1983); *Moore v. Williams*, 95 Ga. App. 309, 311 (97 SE2d 718) (1957). Accordingly, if appellee failed to prove any one of these three elements, he would not be entitled to an exemption from the payment of unemployment compensation taxes and the superior court erred in reversing the administrative determination.

A review of the evidence shows the following: Upon appellee being engaged to provide janitorial services, he would accompany one of his employees to the customer's place of business and introduce the employee to the customer. If the employee who was selected by appellee proved acceptable to the customer, appellee then assigned that employee to that particular job and made him responsible for all of the janitorial needs that appellee had agreed to provide. Based on this evidence, one of the administrative findings was that appellee had failed to show that "such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed." Thus, there was an administrative finding that appellee had not proven the second of the three elements of OCGA § 34-8-40 (g).

OCGA § 34-8-40 (g) (2) is phrased in the disjunctive rather than the conjunctive. Accordingly, a showing by appellee of either of the alternative grounds provided therein would be sufficient as to this element of the three-pronged test for exemption from the payment of unemployment compensation taxes on Charlton's wages. As to the first alternative ground provided in OCGA § 34-8-40 (g) (2), the evidence clearly showed that the janitorial service that was provided by

Charlton was clearly within rather than "outside the usual course of [appellee's janitorial] business for which [Charlton's] service [was being] performed." See generally *Sarah Coventry, Inc. v. Caldwell*, supra at 434 (b); *Vocational Placement Svcs. v. Caldwell*, supra at 200 (b). As to the second alternative ground provided in OCGA § 34-8-40 (g) (2), "the Supreme Court, in *Sarah Coventry*, held that in construing '[this element], we must give effect to the legislative intent thereof, which we deem to be to enable the employer to effectively administer the activities of the individual by limiting the area of performance of services to such areas as the employer can practically oversee and maintain some surveillance and supervision.' [Cit.]" *Vocational Placement Svcs. v. Caldwell*, supra at 200. The evidence in this regard shows that appellee conducted his janitorial business on the business premises of others and that, by assigning an employee to a specific job site, appellee "limit[ed] the area of performance of [the] services to [an] area [that] the employer [could] practically oversee and maintain some surveillance and supervision." *Vocational Placement Svcs. v. Caldwell*, supra at 200. See also *Redwine v. Wilkes*, 83 Ga. App. 645 (1) (64 SE2d 101) (1951); *Babb & Nolan v. Huiet*, 67 Ga. App. 861 (21 SE2d 663) (1942). Charlton had no discretion as to where his janitorial services were performed because those services could be performed only at those specific locations that appellee had assigned him. Compare *Sarah Coventry, Inc. v. Caldwell*, supra at 434; *Vocational Placement Svcs. v. Caldwell*, supra at 200-201.

It follows there was sufficient evidence presented to show that the services performed by Charlton were within the usual course of appellee's janitorial business, and that those services were performed at one of those designated places over which appellee could maintain some element of control. Thus, the evidence supports the administrative findings that appellee had failed to establish either alternative ground of OCGA § 34-8-40 (g) (2) and that he could not, therefore, show all three of the elements necessary to qualify for an exception from the payment of unemployment compensation taxes on Charlton's wages. See generally *Caldwell v. Charlton County Bd. of Education*, 157 Ga. App. 395 (277 SE2d 764) (1981); *Ga. Real Estate Comm. v. Hooks*, 139 Ga. App. 34 (227 SE2d 864) (1976). It follows that the superior court erred in reversing the administrative determination that appellee was not exempt from the payment of those taxes.

2. Appellant's remaining enumeration is rendered moot by virtue of our ruling in Division 1.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 8, 1989.

*Michael J. Bowers*, Attorney General, *Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey*, Senior Assistant Attorney General, *Annette M. Cowart*, Assistant Attorney General, for appellant.
*Fred B. Sheats*, for appellees.