## 66853. VOCATIONAL PLACEMENT SERVICES, INC. v. CALDWELL et al.

QUILLIAN, Presiding Judge.

This appeal is from an affirmance by the DeKalb Superior Court of a decision of a Hearing Officer of the Department of Labor that the appellant, Vocational Placement Services, Inc. (VPS), was not exempt from the provisions of the Employment Security Law (OCGA Chap. 34-8; formerly Code Ann. Chap. 54-6), and was therefore liable for unemployment taxes on amounts paid as unemployment benefits to VPS' "field specialists" by the State.

VPS is a private rehabilitation supplier which provides vocational rehabilitation to recipients of Workers' Compensation insurance. VPS contracts with insurance companies to provide these services to injured workers with the objective of returning the worker to the job market. To provide these services, VPS has a central office in Atlanta with supervisory and clerical personnel. The Atlanta office also has "rehabilitation counselors" to provide the actual service to the injured person in the Atlanta area. VPS contracts with "field specialists" to do the rehabilitation service for the remainder of the state outside of Atlanta. The Atlanta counselors are paid on a salary basis and work forty hours per week. The field specialist is paid on an hourly basis. The Atlanta counselor must come to the office and work if not actually working with a claimant. The field specialist is free to utilize his time as he wishes — even working for other companies offering similar services so long as it does not interfere with services for VPS. VPS pays unemployment taxes on its Atlanta counselors but does not pay unemployment taxes on amounts paid its "field specialists."

Brenda Adkins, a "field specialist" for VPS filed for unemployment benefits. The Department of Labor conducted a "field and wage investigation" and an Adjudicator ruled Adkins was a covered employee under the Employment Security Law. VPS appealed. A hearing officer found that Adkins was paid "wages" as provided in Code Ann. § 54-657 (n) (now OCGA § 34-8-51) and that VPS did not meet the exemption requirement of "subsection (B) of Section 19 (h) (6) [now OCGA § 34-8-40 (g) (2) (Code Ann. § 56-657)]" and was liable for unemployment taxes on amounts paid to its field specialists. Appeal followed to the Superior Court which affirmed the hearing officer without opinion. We granted VPS' application for Discretionary Appeal. *Held:*

1. The appellant contends that the DeKalb Superior Court erred in affirming the agency's decision because it was based on an erroneous legal standard. We find that the hearing officer misapplied

the holding of *Sarah Coventry, Inc. v. Caldwell,* 243 Ga. 429 (254 SE2d 375), and reverse.

The Department of Labor ruled that Adkins was a covered employee under the Employment Security Law and eligible for unemployment benefits. Payments to the unemployed are made from the Unemployment Trust Fund. Contributions accrue to the Trust Fund from employers with respect to "wages payable for employment (as defined in Code Section 34-8-40) . . ." OCGA § 34-8-120 (formerly Code Ann. § 54-620). It is not contested that VPS is an "employing unit" and an "employer." OCGA §§ 34-8-38, 34-8-39 (formerly Code Ann. § 54-657 (f) (g)). Neither is it controverted that the hearing officer's finding that VPS paid Adkins "wages" was correct. See OCGA § 34-8-51 (formerly Code Ann. § 54-657 (n)). Hence, the issue to be resolved is whether the wages paid Adkins by VPS was for "employment" under the Employment Security Law, and if so — whether it was exempt from contribution taxes under OCGA § 34-8-40 (g) (formerly Code Ann. § 54-657 (h) (6)).

The Supreme Court, in *Sarah Coventry,* supra, approved a line of cases exemplified by *Moore v. Williams,* 95 Ga. App. 309, 310 (97 SE2d 718), which held that " '[i]t makes no difference whether the relationship between the parties was one of employer-employee or . . . independent contractors. The test, and *the question here* for decision, is whether the status between the parties falls within *the meaning of employment as defined by the act.'* " (Emphasis supplied).

Under OCGA § 34-8-40 (g) (Code Ann. § 54-657), "[s]ervices performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown that: (1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; (2) Such service is outside the usual course of the business for which such service is performed or such service is performed outside of all the places of business of the enterprise for which such service is performed; and (3) Such individual is customarily engaged in an independently established trade, occupation, profession, or business."

Accordingly, once the compensation for services rendered has been determined to be "wages," then services will be deemed to be "employment" unless all three elements of this subsection are established by the employer. *Sarah Coventry, Inc. v. Caldwell,* 243 Ga. 429, 432, supra; *Young v. Bureau of Unemployment Compensation,* 63 Ga. App. 130, 136 (10 SE2d 412).

(a). As to the first element of the exclusionary provision, it is clear that the contract between VPS and Adkins provides for an

"independent counselor" who "works from her home" and was not entitled to "rights to any company benefits, social security payments, [or] workers' compensation benefits . . ." The "field specialists" accept cases at their discretion and if the counselor "chooses to represent another company in the same field she agrees to submit in writing not only the nature of the job, but the work load expected." The counselor is not provided any instructions or directions on how they are to perform their job. A rehabilitation plan is formulated by the counselor — without any supervision by VPS. Counselors work out of their home and generally in the area around their home. They schedule meetings with doctors or other specialists at their own discretion. A counselor is not assigned any specific territory in which to work. If they believe that a case is too far from their home they can refuse to accept it — as they are free to turn down any case sent to them. The final decision as to an individual's case load is made by the counselor. VPS does not supervise or have any management personnel checking up on the counselor. The counselor schedules his or her own hours of work and can work any number of hours per day and any number of days per week. The counselor can take a day off, a long weekend, or a vacation as long as their work is current. Counselors are free to engage in any other type of business as long as it does not interfere with their VPS employment. They are permitted to work for a competitor in the same type business as VPS and may also accept a case assignment directly from an insurance company.

"The above evidence demands the finding that [Adkins] was free from any significant control or direction over the performance of her services, both under her contract of service and in fact, so as to establish element [1]." *Sarah Coventry, Inc. v. Caldwell,* 243 Ga. 429, 434, supra.

(b). The second element of the exemption is on an alternative basis. "Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed." OCGA § 34-8-40 (g) (2) (Code Ann. § 54-657). Such service is not outside the usual course of the business for which Adkins was engaged by VPS. However, such service is performed outside the places of business of VPS. But, the Supreme Court, in *Sarah Coventry,* held that in construing "the second alternative provision, we must give effect to the legislative intent thereof, which we deem to be to enable the employer to effectively administer the activities of the individual by limiting the area of performance of services to such areas as the employer can practically oversee and maintain some surveillance and supervision." 243 Ga. at 434. The hearing officer held: "The actual controls placed on the field

specialist by the contract and in fact were, in the opinion of his hearing officer, minimal, and not significant . . . In the present case, given the fact that the employer assigns the cases, a field specialist for the employer must perform his services on cases and within the area assigned by the employer. In other words, when assigned a case file, which had been accepted by the employer, the field specialist was immediately limited to a particular area in which to perform his services. Therefore, based on the area analysis as mandated by the Supreme Court [in *Sarah Coventry*] the services of each field specialist were performed within that area over which the employer could maintain some control and supervision. Hence, subsection [2] is not satisfied in the present case." We disagree with this analysis.

VPS assigned cases to a field specialist because he or she resided in the general area of the worker to receive the service. No VPS "field specialist" was assigned to any particular area. They were free to go anywhere. VPS assigned a specific case to a field specialist for convenience of the counselor and not "to effectively administer the activities of the individual by limiting the area of performance of services to such areas as the employer can practically oversee and maintain some surveillance and supervision." 243 Ga. at 434. VPS established that they did not maintain surveillance or supervision over their "field specialists." Nor were assignments made to such specialists for that reason. The evidence introduced demanded a finding that VPS established the second alternative provision of subsection (2).

(c). The last requirement is that the individual was customarily engaged in an independently established trade, occupation, profession, or business. It is not contested that this subsection was established by the evidence. The hearing officer found that it was a condition of the contract that the field specialist was customarily engaged in an independently established trade, occupation, business or profession, as they were allowed to represent competitors and many of the field specialists held other full time occupations. This section was established by the evidence.

2. All three subsections of OCGA § 34-8-40 (Code Ann. § 54-657) having been established by the evidence, VPS was entitled to the exception and was exempt from contributions to the Unemployment Trust Fund for "field specialists" counselors.

3. The remaining enumerations are mooted by the above holding.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 28, 1983.

*Victor A. Cavanaugh, Sherie Bell Christy, John Stivarius,* for appellant.

*Wayne P. Yancey, Brenda L. Adkins, Susan L. Rutherford,* for appellees.