## A11A1999. SKY KING 101, LLC v. THURMOND.
### (724 SE2d 412)

MILLER, Judge.

When Joseph Anduze stopped working for Sky King 101, LLC ("Sky King"), he sought unemployment compensation benefits. The Georgia Department of Labor found that Anduze was entitled to receive unemployment compensation benefits, and that Sky King was required to pay unemployment compensation taxes on the wages paid to Anduze. Sky King appealed to an administrative law judge ("ALJ"). Following an evidentiary hearing, the ALJ affirmed the Department of Labor's initial determination, finding that the wages Sky King paid to Anduze constituted employment since the company failed to show a lack of control over him. The superior court affirmed the agency's decision, and this Court granted Sky King's application for discretionary appeal. On appeal, Sky King contends that the superior court applied an incorrect standard of review, and that it erred by affirming the ALJ's decision. For the reasons that follow, we reverse the superior court's judgment.

> Judicial review of an administrative decision requires the court to determine that the findings of fact are supported by "any evidence" and to examine the soundness of the conclusions of law that are based upon the findings of

fact. When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency.

(Citations, punctuation and footnote omitted.) *Davane v. Thurmond*, 300 Ga. App. 474, 475 (685 SE2d 446) (2009).

The record shows that Ra-Lin and Associates ("Ra-Lin") formed Sky King to provide air transportation to its executives. David Rogers, a Ra-Lin employee, operated the flight department and was the regular pilot of Sky King's plane. Rogers scheduled the flights for Sky King and would select a co-pilot to fly with him. Rogers used Anduze as a co-pilot on an as-needed basis, and Anduze was free to accept or reject any work assignments. Sky King paid Anduze $150 for each day he worked, and it also paid for other expenses he incurred during his travels for the company.

When Sky King did not have enough work for Anduze, he subsequently sought unemployment benefits. After an investigation, a claims examiner with the Department of Labor determined that Sky King was Anduze's last employer, and that, as a result, Sky King was liable for unemployment compensation taxes on the wages paid to Anduze.

Sky King appealed that determination to an ALJ in the Office of State Administrative Hearings. Following a hearing, the ALJ upheld that Department of Labor's initial determination. After the ALJ's decision became the final decision of the Department of Labor, Sky King filed a petition for judicial review to the superior court. In its review, the superior court found that there was substantial evidence to support the ALJ's findings and affirmed. Sky King appeals from the superior court's ruling.

Sky King contends that the ALJ erred in determining that it should be assessed unemployment tax liability because Anduze was not an "employee" under the Employment Security Act, OCGA § 34-8-35 (f). We agree.

OCGA § 34-8-35 (f) (1) pertinently provides that services performed by an individual for wages shall be deemed to be employment unless it is shown that:[1]

> (A) Such individual has been and will continue to be free from control or direction over the performance of such

---

[1] There is an alternative exception when the Internal Revenue Service determines that there is no employee status. OCGA § 34-8-35 (f) (2). However, it is undisputed that this provision does not apply in this case.

services, both under the individual's contract of service and in fact; and

(B) Such individual is customarily engaged in an independently established trade, occupation, profession, or business[.]

An employer bears the burden to prove an exemption from the statutory definition of employment, and in order to do so, it must meet both elements of OCGA § 34-8-35 (f) (1). See *Tanner v. Brooks*, 190 Ga. App. 228, 229 (1) (378 SE2d 405) (1989) (applying former OCGA § 34-8-40 (g)); *Sarah Coventry, Inc. v. Caldwell*, 243 Ga. 429, 432 (2) (254 SE2d 375) (1979).

In this case, there is no challenge to the ALJ's finding that Anduze was engaged in an independently established profession, satisfying OCGA § 34-8-35 (f) (1) (B). The question here is whether Sky King also met subsection (A). The controlling inquiry under OCGA § 34-8-35 (f) (1) (A) is whether there is an "absence of *significant* control or direction." (Emphasis supplied.) *Sarah Coventry*, supra, 243 Ga. at 433 (2) (a). Factors showing that an individual is free from significant control or direction include, but are not limited to, the following: (i) a lack of territorial or geographic restrictions placed on the individual; (ii) no prohibition placed on the individual from working for other companies or holding other employment contemporaneously; (iii) the individual has no prescribed minimum hours to work or orders to be obtained; (iv) the individual is free to accept or reject work without consequence; and (v) the individual has the discretion to set his or her own schedule. See *Sarah Coventry*, supra, 243 Ga. at 433-434 (2) (a); *Vocational Placement Svcs. v. Caldwell*, 168 Ga. App. 198, 200 (1) (a) (308 SE2d 618) (1983).

Here, the record does not support the ALJ's finding that Anduze was not in fact free from significant control or direction by Sky King over the performance of his services. To the contrary, Anduze was free to accept or reject offers to fly as a co-pilot; he did not have a prescribed number of hours or flights to work; he could vacation whenever he chose; and he was free to fly for other companies. *Sarah Coventry*, supra, 243 Ga. at 433-434 (2) (a); *Vocational Placement Svcs.*, supra, 168 Ga. App. at 200 (1) (a). Although Rogers was the pilot in command of the airplane, Anduze was subject to Rogers's supervision and control as a co-pilot only for purposes of ensuring compliance with flight procedures. The evidence reflected that the flight procedures and regulations that Rogers and Anduze followed were mandated by the Federal Aviation Administration, not Sky King. The fact that Sky King supplied the airplane used by Anduze establishes only minimal control. Cf. *Sarah Coventry*, supra, 243 Ga. at 433 (2) (a) (holding that the fact that the employer supplied

property for the claimant's use and set the terms of sales was not evidence of significant control). Compare *Moore v. Williams*, 95 Ga. App. 309, 311 (97 SE2d 718) (1957) (affirming finding that claimant was not free from control or direction where the employer supplied the materials, supervised work, could discharge the claimaint at will, and paid the claimant only for his labor). Under these circumstances, Sky King established that it lacked significant control over Anduze.

Accordingly, we conclude that Anduze was not an employee of Sky King pursuant to OCGA § 34-8-35 (f) (1). For this reason, we reverse.

*Judgment reversed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED FEBRUARY 27, 2012.

*William G. Hamrick III*, for appellant.
*Samuel S. Olens, Attorney General, Kimberly B. Lewis, Assistant Attorney General*, for appellee.

